SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ISHAAN ARORA,

        Plaintiff,

-against-

ROYAL WASTE SERVICES, INC., and "JOHN DOE",
name of the driver being unknown,

        Defendants.
-----------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates QUEENS County as the place of trial.

The basis of venue is:
Defendant's place of business

**To the above named Defendant(s)**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: Queens, New York
        December 13, 2019

                                                                   THE TADCHIEV LAW FIRM, P.C.

BY:    Boris Tadchiev, ESQ.
        *Attorney for Plaintiff*
        Address and Telephone Number
        69-09 164th Street, Suite 202
        Fresh Meadows, NY 11365
        (718) 380-1200
        File No.: TBS19-005

TO:

**ROYAL WASTE SERVICES, INC.** 187-40 Hollis Avenue, Hollis, New York 11423
                            168-46 Douglas Avenue, Jamaica, New York 11433

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
ISHAAN ARORA,

           Plaintiff,

           -against-

ROYAL WASTE SERVICES, INC., and "JOHN DOE",
name of the driver being unknown,

           Defendants.
-----------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff, **ISHAAN ARORA**, by his attorneys, **THE TADCHIEV LAW FIRM, P.C.**, as and for a cause of action alleges upon information and belief as follows:

1. At all times herein mentioned, plaintiff, **ISHAAN ARORA**, was and still is a resident of the State of New Jersey.

2. At all times herein mentioned, plaintiff, **ISHAAN ARORA**, operated a motor vehicle bearing New Jersey State registration number M75KVU.

3. That at all the times hereinafter alleged, and upon information and belief, the defendant, **ROYAL WASTE SERVICES, INC.** was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, the defendant, **ROYAL WASTE SERVICES, INC.** was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. That at all the times hereinafter alleged, and upon information and belief,

the defendant, **ROYAL WASTE SERVICES, INC.,** was a company organized and existing under and by virtue of the laws of the State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **ROYAL WASTE SERVICES, INC.,** maintained a principal place of business in County of Queens, the State of New York.

7. At all times herein mentioned, defendant, **ROYAL WASTE SERVICE, INC.** was the registered owner of a garbage truck bearing a New York State registration number.

8. At all times herein mentioned, defendant, **ROYAL WASTE SERVICE, INC.** was the titled owner of a garbage truck bearing a New York State registration number.

9. At all times hereinafter mentioned, defendant, **"JOHN DOE"** operated the aforesaid garbage truck bearing a New York State registration number.

10. At all times hereinafter mentioned, defendant, **"JOHN DOE"**, maintained the aforesaid garbage truck bearing a New York State registration number.

11. At all times hereinafter mentioned, defendant, **"JOHN DOE"**, managed the aforesaid garbage truck bearing a New York State registration number.

12. At all times hereinafter mentioned, defendant, **"JOHN DOE"**, controlled the aforesaid garbage truck bearing a New York State registration number.

13. That at all times hereinafter alleged, and upon information and belief, the defendant, **"JOHN DOE"**, operated a garbage truck bearing a New York registration number with the knowledge, permission and consent of defendant, **ROYAL WASTE SERVICES, INC.**

14. That at all times hereinafter alleged, and upon information and belief, the

defendant, **"JOHN DOE"**, operated a garbage truck bearing a New York registration number within the scope of his employment of defendant, **ROYAL WASTE SERVICES, INC.**

15. That at all times hereinafter alleged, and upon information and belief, the defendant, **"JOHN DOE"**, maintained a garbage truck bearing a New York registration number with the knowledge, permission and consent of defendant, **ROYAL WASTE SERVICES, INC.**

16. That at all times hereinafter alleged, and upon information and belief, the defendant, **"JOHN DOE"**, managed a garbage truck bearing a New York registration number with the knowledge, permission and consent of defendant, **ROYAL WASTE SERVICES, INC.**

17. That at all times hereinafter alleged, and upon information and belief, the defendant, **"JOHN DOE"**, controlled a garbage truck bearing a New York registration number with the knowledge, permission and consent of defendant, **ROYAL WASTE SERVICES, INC.**

18. At all times hereinafter mentioned, intersection of Avenue of the Americas and West 57th Street in the County of New York, State of New York, was and still is a public highway used extensively by the public general.

19. That on August 13, 2019, at the aforesaid location, the aforesaid motor vehicles came in contact with one another.

20. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the defendants owned, operated, maintained, managed and controlled their garbage truck without this

plaintiff in any way contributing thereto.

21. That by reason of the foregoing and the negligence of the defendants, the plaintiff, was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

22. That by reason of the foregoing, the plaintiff, **ISHAAN ARORA**, was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the plaintiff will necessarily incur similar expenses.

23. That by reason of the foregoing, the plaintiff, **ISHAAN ARORA**, has been unable to attend to his usual occupation in the manner required.

24. That by reason of the wrongful, negligent and unlawful actions of the defendants, as aforesaid, the plaintiff, **ISHAAN ARORA**, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

25. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules applies to the within action.

26. That as a result of the foregoing, the plaintiff, **ISHAAN ARORA**, sustained damages in an amount that exceeds the jurisdictional limits of the lower Courts.

**WHEREFORE**, plaintiff demands judgment against the defendants in an amount that exceeds the jurisdictional limits of the lower Courts, all together with the costs and disbursements of this action.

DATED: Queens, New York
December 13, 2019

                                THE TADCHIEV LAW FIRM, P.C.

BY:   Boris Tadchiev, ESQ.
*Attorney for Plaintiffs*
Address and Telephone Number
69-09 164th Street, Suite 202
Fresh Meadows, NY 11365
(718) 380-1200
File No.: TBS19-005

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                  ) ss
COUNTY OF QUEENS )

    I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am the attorney for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: Queens, New York
       December 13, 2019

                                                                                     BORIS TADCHIEV, ESQ.

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
==================================================
ISHAAN ARORA,

        Plaintiff,

        -against-

ROYAL WASTE SERVICE, INC. and
and "JOHN DOE",

        Defendants.
==================================================

## SUMMONS AND VERIFIED COMPLAINT

==================================================

### THE TADCHIEV LAW FIRM, P.C.

*Attorney for Plaintiffs*

Address and Telephone Number

69-09 164TH Street, Suite 202

FRESH MEADOWS, N.Y. 11365

(718) 380-1200

Our File: TBS19-005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Attorney: THE TADCHIEV LAW FIRM, P.C.

ISHAAN ARORA

Plaintiff(s)

- against -

ROYAL WASTE SERVICES, INC. ETANO

Defendant(s)

The papers served bore the index # and date of filing.
Index # 721128/2019

Purchased December 18, 2019
File # TBS19-005

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

MUATAZ AHMAD BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on January 2, 2020 at 12:23 PM at

C/O ROYAL WASTE SERVICES, INC.
168-46 DOUGLAS AVENUE
JAMAICA, NY 11433

deponent served the within SUMMONS AND VERIFIED COMPLAINT WITH NOTICE OF ELECTRONIC FILING (MANDATORY) on "JOHN DOE", NAME OF THE DRIVER BEING UNKNOWN therein named,

**SUITABLE AGE**  by delivering thereat a true copy of each to STEVE JOHNSON a person of suitable age and discretion. Said premises is Defendant's actual place of business within the state. He identified himself as the CO-WORKER of the Defendant.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | BLACK | BALD | 40 | 5'8 | 200 |

**MAILING**  Deponent enclosed a copy of same in a postpaid wrapper properly addressed to the Defendant at the Defendant's actual place of business at

C/O ROYAL WASTE SERVICES, INC.
168-46 DOUGLAS AVENUE
JAMAICA, NY 11433

and deposited said wrapper in a post office or official depository under exclusive care and custody of the United States Postal Service within New York State on January 2, 2020 by REGULAR FIRST CLASS MAIL in an envelope marked PERSONAL & CONFIDENTIAL and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served.

**MILITARY SERVICE**  Person spoken to was asked whether the Defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the Defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

PERSON SPOKEN TO REFUSED TO STATE TRUE LAST NAME.

Sworn to me on: January 2, 2020

| JOSEPH KNIGHT | RALPH J MULLEN | VINETTA BREWER |
|---|---|---|
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York |
| No. 01KN6178241 | No. 01MU6238632 | No. 4949206 |
| Qualified In New York County | Qualified in Queens County | Qualified in Bronx County |
| Commission Expires November 26, 2023 | Commission Expires April 11, 2023 | Commission Expires April 3, 2023 |

MUATAZ AHMAD
License #: 2034169
Invoice #: 737211

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY 10007 - (212) 619-0728   NYCDCA#1102045

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Attorney: THE TADCHIEV LAW FIRM P.C.

ISHAAN ARORA

Plaintiff(s)

- against -

ROYAL WASTE SERVICES, INC. ETANO

Defendant(s)

The papers served bore the index # and date of filing.
Index # 721128/2019

Purchased December 18, 2019
File # TBS19-005

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK: COUNTY OF NEW YORK ss:

MUATAZ AHMAD BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on January 2, 2020 at 12:13 PM at

187-40 HOLLIS AVENUE
HOLLIS, NY 11423

deponent served the within SUMMONS AND VERIFIED COMPLAINT WITH NOTICE OF ELECTRONIC FILING (MANDATORY) on ROYAL WASTE SERVICES, INC. therein named,

**CORPORATION** a DOMESTIC corporation by delivering thereat a true copy of each to LUIS "SMITH" personally, deponent knew said corporation so served to be the corporation described in said SUMMONS AND VERIFIED COMPLAINT WITH NOTICE OF ELECTRONIC FILING (MANDATORY) as said Defendant and knew said individual to be the GENERAL AGENT thereof.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | WHITE | BLACK | 30 | 5'9 | 165 |

PERSON SPOKEN TO REFUSED TO STATE TRUE LAST NAME.

Sworn to me on: January 2, 2020

| JOSEPH KNIGHT | RALPH J MULLEN | VINETTA BREWER |
|---|---|---|
| Notary Public, State of New York | Notary Public, State of New York | Notary Public, State of New York |
| No. 01KN6178241 | No. 01MU6238632 | No. 4949206 |
| Qualified In New York County | Qualified in Queens County | Qualified in Bronx County |
| Commission Expires November 26, 2023 | Commission Expires April 11, 2023 | Commission Expires April 3, 2023 |

**MUATAZ AHMAD**
License #: 2034169
Invoice #: 737210

UNITED PROCESS SERVICE, INC., 225 BROADWAY, SUITE 440, NEW YORK, NY 10007 - (212) 619-0728 NYCDCA#1102045

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK x
COUNTY OF QUEENS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ISHAAN ARORA, :

                               Plaintiff, :

                -against- :

ROYAL WASTE SERVICES, INC., and "JOHN DOE", :
name of the driver being unknown,

                               Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Index No.: 721128/2019

**VERIFIED ANSWER**

       Defendant, ROYAL WASTE SERVICES, INC., by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, as and for its Verified Answer to the Verified Complaint herein, upon information and belief, allege as follows:

       1.      Answering defendant denies any knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs designed as "1", "2", "9", "10', "11", "12", "13", "14", "15", "16", "17", "18", "19", "22" and "23" of the plaintiff's Verified Complaint.

       2.      Answering defendant denies each and every allegation contained within paragraphs designated as "3", "5" and "20" of the plaintiff's Verified Complaint.

       3.      Answering defendant admits each and every allegation contained within paragraphs designated as "4" and "6" of the plaintiff's Verified Complaint.

       4.      Answering defendant denies each and every allegation contained within paragraphs designated as "7" and "8" of the plaintiff's Verified Complaint in the form alleged.

       5.      Answering defendant denies each and every allegation contained within the paragraphs designated as "21", "24", "25" and "26" of the plaintiff's Verified Complaint and refers any and all questions of law to be determined by the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1. Answering defendant, pursuant to § 1412 of the CPLR, alleges upon information and belief that if plaintiff sustained any injuries or damages at the time and place alleged in the Verified Complaint, such injuries or damages were solely the result of the culpable conduct of the plaintiffs because of plaintiff's negligence and/or assumption of risk. Should it be found, however, that answering defendant is liable to plaintiff, or any other party herein, any liability being specifically denied, then answering defendant demands that any damages that are found be apportioned among all of the respective parties to this action according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2. That pursuant to CPLR Article 16, if it is determined by verdict or decision that two or more tort-feasors are jointly liable to the plaintiffs, and if the liability of the answering defendants are found to be fifty percent (50%) or less of the total liability assigned to all persons liable, the liability of such defendant to plaintiff for non-economic loss shall not exceed this defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3. That plaintiff's injuries were not proximately caused by the alleged incident or any actions of the answering defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4. That upon information and belief, all risks and danger of loss or danger connected with the situation alleged in the Verified Complaint were at the time and place mentioned, obvious and apparent and were known by plaintiff and voluntarily assumed by her.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5. That plaintiff's Verified Complaint, and each and every allegation set forth therein fails to name a necessary party.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6. That plaintiff's Verified Complaint, and each and every cause of action set forth therein, fails to state a claim upon which relief may be granted as against the answering defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7. In the event plaintiff recovers a verdict or judgment against the answering defendant, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, Social Security, Workers' Compensation or employee benefit programs.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce the injuries, damages, and disabilities alleged in the Verified Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9. That plaintiff's injuries do not meet the threshold of a serious injury as defined by the "no-fault" laws, under New York Insurance Law § 5102, and accordingly, plaintiff's Verified Complaint must be dismissed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. If plaintiff did not sustain a serious injury as defined in § 5101 of the Insurance Law, then plaintiff's exclusive remedy is limited to the benefits and provisions of Article 51 of the Insurance Law.

## AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

11. If plaintiff did not sustain an economic loss in excess of "basic economic loss" as defined in § 5102(a) of the Insurance Law, then plaintiff's exclusive remedy is limited to the benefits and provisions of Article 51 of the Insurance Law.

## AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

12. While the answering defendant denies the plaintiff's allegations of negligence, liability, statutory liability, breach of warranty, strict liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence, liability, statutory liability, strict liability on the part of parties over which the answering defendant neither controls nor has the right to control, and for which acts or omissions these answering defendant is not legally responsible.

## AS AND FOR THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff failed to mitigate, obviate, diminish, or otherwise act to lessen or reduce the injuries, damages, and disabilities alleged in the Verified Complaint by failing to wear a seatbelt.

## AS AND FOR FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's Verified Complaint fails to state a cause of action pursuant to CPLR § 3211(a)(7), and accordingly, plaintiff's Verified Complaint must be dismissed.

**WHEREFORE**, answering defendant, ROYAL WASTE SERVICES, INC., by and through its attorneys, WILSON, ELSER, MOSKOWTIZ, EDELMAN & DICKER LLP, respectfully demands judgment dismissing plaintiff's Verified Complaint, together with the costs and disbursements herein.

Dated: New York, New York
       March 6, 2020

                              Yours, etc.,

                              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                              *John Leddy*
By: _____
    John C. Leddy, Esq.
    Attorney for Defendant
    ROYAL WASTE SERVICES, INC.
    150 E 42nd Street
    New York, NY 10017
    212-490-3000
    Our File No.: 21993.00016

TO:

THE TADCHIEV LAW FIRM, P.C.
Attorneys for Plaintiff
69-09 164th Street, Suite 202
Fresh Meadows, NY 11365
(718) 360-1200
File No.: TBS19-005

## ATTORNEY'S VERIFICATION

I, the undersigned, an attorney admitted to practice in the Courts of the State of New York, state that I am an associate of the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, attorneys for the defendant, ROYAL WASTE SERVICES, INC. herein. I have read the foregoing Verified Answer and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matter I believe them to be true.

The grounds of my belief as to all matter not stated upon my knowledge are as follows: Information and material contained in deponent's file.

The undersigned further states that the reason this affirmation is made by the undersigned and not by the answering defendants is that the answering defendants reside outside of the county where the undersigned maintains his office.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       March 6, 2020

*John Leddy*
_____
John C. Leddy, Esq.